UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-21220

PATRICIA MORRISON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A foreign corporation,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

Plaintiff, PATRICIA MORRISON ("Plaintiff"), by and through undersigned counsel, sues Defendant, ROYAL CARIBBEAN CRUISES LTD., ("Defendant" or "RCCL") and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

4. Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

5. Plaintiff is *sui juris* and is a resident and citizen of Florida.

6. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7. Defendant is a citizen of the State of Florida.

8. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant, RCCL, owned, operated, managed, maintained, and/or controlled the vessel, the *Enchantment of the Seas*.

11. On or about February 25, 2019, Plaintiff was a fare paying passenger on Defendant's vessel, the *Enchantment of the Seas*, which was in navigable waters.

12. As Plaintiff traversed the Casino Royale located on deck 5, midship, of the *Enchantment of the Seas*, she tripped and fell on a floor stand ashtray that was protruding into the walkway. The ashtray was not readily observable because it was obstructed by a vacant wheelchair left in the walkway by Defendant's crewmember. As a result of the fall, Plaintiff suffered traumatic

injuries that included, but are not limited to, open wounds on her face which required sutures and she has been left permanently scarred and disfigured.

13. Following the incident, Plaintiff went to the medical center aboard Defendant's ship where Plaintiff was seen by the ship's medical staff.

14. At all times relevant, the Casino Royale walkways, and the adjacent areas, were unreasonably dangerous.

15. This area lacked adequate safety features to prevent Plaintiff's fall.

16. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

17. These hazardous conditions existed for a period of time before the incident.

18. These conditions were neither open nor obvious to Plaintiff.

19. Nevertheless, at all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

20. At all times relevant, Defendant failed to eliminate the hazard(s).

21. At all times relevant, Defendant failed to properly maintain this area.

22. At all times relevant, Defendant failed to maintain the floors which made up the area of Plaintiff's incident.

23. At all times relevant, Defendant participated in the design and/or approved the design of the Casino Royale aboard the *Enchantment of the Seas.*

24. At all times relevant, Defendant participated in the design and/or approved the design of the walkways located inside the Casino Royale.

25. At all times relevant, Defendant participated in the installation and/or approved the installation of the walkways located inside the Casino Royale.

26. At all times relevant, Defendant failed to properly train and supervise its crew.

27. Furthermore, the lighting was inadequate to enable Plaintiff to notice any hazards.

## COUNT I – NEGLIGENCE

Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 28 and further alleges:

28. Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances.

29. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for, and resolve, dangerous, hazardous, and/or risk-creating conditions that passengers, including the Plaintiff, will likely encounter.

30. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

31. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

32. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to inspect, keep, and maintain the Casino Royale, specifically the walkways located inside the casino, in a reasonably safe condition, so as to help prevent hazards to its passengers;

   b. Failing to install proper and reasonable safeguards to prevent passengers from being injured when traversing the subject area;

   c. Failing to take proper precautions for the safety of passengers traversing the subject area;

   d. Failing to warn Plaintiff of the risk-creating conditions of traversing the Casino

Royale walkways;

e. Failing to have adequate policies and procedures in place for inspection, and maintenance of the walkways inside the Casino Royale;

f. Failing to adequately train its crew to keep the Casino Royale walkways clean and free of hazards;

g. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed;

h. Failing to make the floor standing ashtrays objectively perceivable to passengers with warning signs;

i. Failing to warn Plaintiff and passengers of the hidden danger of the floor standing ashtrays in the Casino Royale;

j. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

k. Failing to treat the Casino Royale walkways to prevent them from becoming unreasonably dangerous;

l. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

m. Failing to properly and safely instruct passengers traversing the Casino Royale, of the risks involved with the use of the subject area;

n. Failing to properly and adequately supervise the passengers traversing the Casino Royale;

o. Failing to properly and adequately assist the passengers traversing the Casino

Royale walkways;

p. Failing to take proper precautions for the safety of passengers traversing the Casino Royale walkways;

q. Failing to promulgate and/or enforce rules, restrictions or procedures to ensure the safety of passengers traversing the Casino Royale walkways;

r. Failing to promulgate and/or enforce rules or procedures to ensure that crew members are adequately supervising the Casino Royale, and the adjacent areas;

s. Failing to engage proper and reasonable safeguards to prevent passengers from being injured while traversing the Casino Royale;

t. Failing to prevent improper and dangerous use of the ship's floor standing ash trays;

u. Failing to station crewmembers in proper positions around the subject area to help participants in need of aid;

v. Failing to warn Plaintiff and other passengers of prior similar incidents;

w. Failing to respond adequately to prior similar incidents and take corrective measure;

x. Failing to train its employees/ agents to properly assist and help injured passengers traversing the Casino Royale;

y. Failing to adequately train its employees/agents whose duty it was to instruct, supervise, and assist passengers traversing the Casino Royale walkways;

z. Failing to adequately train its employees/agents whose duty it was to warn passengers of the floor standing ashtray in the walkway of the Casino Royale of the inherent and unreasonable dangers and risks associated with the use of the subject area;

aa. Failure to adequately convey to passenger the risk of serious injury or death;

bb. Failing to promulgate and/or enforce adequate policies and/or procedures regarding

    the inspection and/or maintenance of the subject area;

  cc. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

33. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

34. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

35. As a result of the negligence of Defendant, Plaintiff suffered severe bodily injury resulting in pain and suffering, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered permanent physical handicap, lost wages, and loss of future earning capacity as her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

36. The losses are either permanent or continuing in nature.

37. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, PATRICIA MORRISON, demands judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity,

loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA MORRISON, demands trial by jury on all issues so triable.

Dated: March 29, 2019

                                        Respectfully submitted,

                                        /s/ Raul G. Delgado II
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Raul G. Delgado II, Esq.**
Florida Bar No.: 94004
rdelgado@aronfeld.com
**Abby Hernández Ivey, Esq.**
Florida Bar No.: 115973
aivey@aronfeld.com
**Matthias Hayashi**
Florida Bar No.:115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
P:     (305) 441.0440
F:     (305) 441.0198
***Attorneys for Plaintiff***