# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO. 19-21220-CIV-COOKE/GOODMAN

PATRICIA MORRISON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD,

    Defendant.

_____/

## ORDER GRANTING MOTION TO STRIKE EIGHTH AFFIRMATIVE DEFENSE

Plaintiff Patricia Morrison filed [ECF No. 8] a motion to strike the Eighth Affirmative Defense raised by Defendant Royal Caribbean Cruises, Ltd. ("RCCL") in its Answer [ECF No. 5] to this personal injury lawsuit. RCCL's defense is: "Defendant is entitled to a setoff for any and all collateral source benefits paid or payable to Plaintiff." [ECF No. 5, p. 5]. RCCL filed an opposition response [ECF No. 10] and Morrison filed a reply [ECF No. 11]. United States District Court Judge Marcia G. Cooke referred the motion to the Undersigned. [ECF No. 15].

The Undersigned **grants** the motion because RCCL's answer, as *currently phrased*, violates the well-established collateral source rule.

This lawsuit concerns a passenger who was allegedly injured when she tripped over an ashtray which was obscured by a vacant wheelchair left in the walkway of a

casino on RCCL's *Enchantment of the Seas*.

In its opposition response, RCCL says that it advised Plaintiff's counsel that it "**would** amend affirmative defense number 8" to provide the following clarification:

> Plaintiff may only introduce into evidence the amount of medical bills and costs **paid** by collateral sources (rather than the *billed* amount). Alternatively, Defendant is entitled to a post-verdict setoff for any and all collateral source benefits paid or payable to Plaintiff.

[ECF No. 10, p. 2 (emphasis added)].

Despite this offer, however, RCCL never actually amended its answer or filed a motion to amend its answer. So the Undersigned is left with the original affirmative defense, as originally phrased (i.e., not making a distinction between money paid by collateral sources for medical treatment and money billed by healthcare providers but not paid by collateral sources). Had RCCL followed through and amended the answer to reflect this distinction, then this ruling would have been different. The discussion outlined below explains why.

The so-called collateral source doctrine is an affirmative defense. *Hassan v. United States Postal Serv.*, 842 F.2d 260 (11th Cir. 1988). The general maritime law applicable to this case bars a tortfeasor from mitigating damages by setting off compensation received by the plaintiff from an independent source. *Borque v. Diamond M. Drilling Co.*, 623 F.2d

351, 354 (5th Cir. 1980);[1] *see also Hillenburg v. Carnival Corp.*, No. 16-22091-CIV, 2016 WL 5922756, at *1 (S.D. Fla. Sept. 21, 2016) ("In attempting to reduce the amount of damages by the amount of benefits paid or payable to the plaintiff by a collateral source, Carnival . . . runs squarely against the collateral-source rule."); *Baptista v. Carnival Corp.*, No. 1:17-CV-22115-KMM, 2018 WL 1226041, at *1 (S.D. Fla. Mar. 5, 2018) ("The collateral source rule prohibits evidence that a plaintiff was compensated by a third-party source, like a health insurance provider."); *Brown v. NCL (Bahamas) Ltd.*, No. 15-21732-CIV, 2016 WL 8730145, at *5 (S.D. Fla. Oct. 13, 2016) ("Defendant is prohibited from introducing evidence or argument of past or future collateral source payments of Plaintiff's medical bills.").

However, although there is no binding Eleventh Circuit case on point, many of the judges in this district, including the Undersigned, have also held that "(1) only the amounts of medical bills that represent the amounts actually paid by a third party for a plaintiff's medical care are a collateral source; and (2) no collateral source benefit is conferred for an amount billed but not paid and, therefore, a plaintiff would obtain an improper windfall if he or she were permitted to recover damages for the billed-but-not-paid amount or to recover for bills that were written off." *Gharfeh v. Carnival Corp.*, No. 17-20499, 2019 WL 186864, at *6 (S.D. Fla. Jan. 14, 2019).

---

[1] *Borque* is binding in this circuit pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (finding decision of the former Fifth Circuit entered on September 30, 1981 would be binding on all federal courts within the Eleventh Circuit).

In addition to the Undersigned's ruling in *Gharfeh*, other district courts have followed this rule which distinguishes between amounts billed but written off or discounted and bills actually paid. *See also Diczok v. Celebrity Cruises, Inc.*, No. 16-21011-CIV, 2017 WL 3206327, at *3 (S.D. Fla. July 26, 2017) (emphasis added) ("**An abundance of case law** in this District holds that, under general maritime law, recoverable medical expenses are limited to those actually paid by the plaintiff."); *Szczurko v. Celebrity Cruises, Inc.*, U.S. District Court for the Southern District of Florida, Case No. 15-20592-UU, ECF No. 41 (Dec. 30, 2015) (emphasis added) (granting cruise ship operator's motion in limine to preclude plaintiff from introducing evidence of medical charges "written off" by her providers and "agree[ing] with the **abundant** case law within this District finding that Plaintiff is precluded from admitting evidence of the amount billed by healthcare providers, rather than amount actually paid"); *Underwood v. NCL (Bahamas) Ltd.*, No. 17-24492, 2019 WL 1559026, at *3 (S.D. Fla. April 10, 2019) (citing *Gharfeh*, 2019 WL 186864, at *1).

As explained in *Underwood*, "the collateral source rule does not and should not allow Plaintiff to introduce *all* her medical bills, including those she or a third party was never required to pay" because, "if it did, Plaintiff would be allowed to obtain an improper windfall" for the billed amount, instead of the value of her actual medical expenses. *Id.* at *6.

As phrased (as opposed to the never-formally-implemented offer), RCCL's eighth

4

affirmative defense runs afoul of the still-valid collateral source rule for amounts actually paid, and Morrison's motion to strike is therefore **granted**. However, subject to evidentiary rulings made by Judge Cooke, who will preside at trial, Morrison will not be permitted to introduce medical bills which were discounted or written off or not paid -- and RCCL will likewise not be permitted to introduce evidence to show that Morrison has already been compensated for the medical costs she incurred, and which were, in fact, paid.[2]

**DONE AND ORDERED** in Chambers, in Miami, Florida, on October 1, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record

---

[2] The substantive collateral source rule carries an evidentiary component, which "prohibits the introduction of evidence offered to show that the [plaintiff] already has been compensated for his injuries." *Borque*, 623 F.2d at 354.

5